POLEN, Judge,
concurring specially.
I concur with the majority opinion in that it was error for the trial court to grant a directed verdict as to appellant’s counterclaim, and that the cause should be reversed and remanded accordingly.
*719 I write further out of concern for appellant’s allegation that it was not apprised of the settlements reached between appellee and the other defendants prior to the trial in this cause. Appellant’s allegation is borne out by the fact that the various stipulations for settlement do not disclose copies to appellant or its counsel. While this fact would have no bearing on the majority’s conclusion, and at best would only go to the issue of the failure of the trial court to grant appellant's motion for continuance, such a practice is of grave concern. I would admonish all trial counsel that whenever there are multiple plaintiffs or defendants, and a stipulation for settlement is reached as to some of the parties, the settling parties are obligated to provide copies of the settlement stipulation to non-settling parties. This is not intended to cover so-called Mary Carter agreements, as there is already voluminous case law on the discoverability of those settlements.
I would also encourage the trial courts, when they are presented a stipulation for settlement for their approval, to see that such stipulations and final judgment approving the same are distributed to all counsel of record in the cause.